UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RHONDA M. COLLINSWORTH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:20-CV-57-TAV-HBG ) |
| CLAIBORNE COUNTY JUSTICE CENTER, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff alleges the Defendant Claiborne County Justice Center ("Justice Center") violated her Eighth Amendment rights and brings this action *pro se* under 42 U.S.C. § 1983 [Doc. 1]. Plaintiff was booked and held in the Justice Center for approximately 31 hours from October 21, 2019 to October 22, 2019 [Doc. 11-1, 11-2]. She filed a complaint on February 7, 2020, alleging that her rights were violated when the nurse did not provide plaintiff with her medication, even upon request [Doc. 1]. Defendant filed the present Motion for Summary Judgment on May 6, 2020 [Doc. 9]. Plaintiff did not file a response, and the time for doing so has expired. E.D. Tenn. L.R. 7.1(a). Upon review of the record, and for the reasons that follow, defendant's Motion [Doc. 9] will be **GRANTED**.

**I.     Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a

motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986)). Additionally, as a general rule, *pro se* pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**II. Analysis**

Defendant argues summary judgment is appropriate because the Justice Center, as a part of the Claiborne County Sheriff's Department, is not an entity capable of being sued, and that plaintiff has not established a policy or custom that has harmed her [Doc. 11 pp. 3–4].

First, plaintiff has only named the Justice Center as a defendant. However, it is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a separate legal entity capable of being sued); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").

Additionally, the Justice Center is not capable of being sued as a part of the Claiborne County Sheriff's Office ("Sheriff's Office"). *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting Tennessee district court cases concluding that police departments and sheriff's offices are not proper parties to a § 1983 suit); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir.2007) (holding the same under Ohio law); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994) (holding the same under Kentucky law). Since the Justice Center and Sheriff's Office are not capable of being sued, Claiborne County ("County") would be the proper party. *Matthews*, 35 F.3d, at 1049. Even though *pro se* pleadings are to be construed liberally, in each place in which plaintiff named a defendant, she referenced the full name of Claiborne County Justice Center and makes no references to the county alone [Doc. 1].

Second, assuming, *arguendo*, that plaintiff had named the County as a defendant, the case would still be entitled to summary judgment, as plaintiff does not allege that the violations are carried out under the authority of an unconstitutional policy or custom. *Id*. "Under *Monell v. Department of Social Services,* 436 U.S. 658 (1978), county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county." *Petty*, 478 F.3d at 347 (6th Cir. 2007). A plaintiff must (1) identify a policy or custom, (2) connect it to the county, and (3) show the injury was caused by the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). Because plaintiff has not claimed that the alleged violations at the Justice

3

Case 3:20-cv-00057-TAV-HBG   Document 12   Filed 09/11/20   Page 3 of 4   PageID #: 50

Center were carried out under the authority of an unconstitutional policy or custom utilized by the County, she does not state a claim even if she had named the County instead of or in addition to the Justice Center.  Defendant is therefore entitled to summary judgment as a matter of law.

**III.     Conclusion**

Defendants' motion for summary judgment will be **GRANTED** and plaintiff's claim against the Claiborne County Justice Center will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
